| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 01/06/2015 |
| RAHUL MANCHANDA, ESQ.<br><br>                    Plaintiff,<br>        -against-<br><br>KATHERINE "KATE" BOSE; GILBERT REIN, ASSISTANT DISTRICT ATTORNEY; ELANA DELOZIER, NYPD INTELLIGENCE OFFICER; NYPD DETECTIVE RAUL DELPOZO; NYPD OFFICER FINAN; NYPD DETECTIVE COZZI; NYPD OFFICER VITARELLI; NY FBI FIELD OFFICE; MARY BEDNAR, NY FAMILY COURT JUDGE; LINDA LOPEZ, SANCTUARY FOR FAMILIES ATTORNEY,<br><br>                    Defendants. | No. 14 Civ. 9658 (LGS)<br><br>OPINION AND ORDER<br>OF DISMISSAL |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, appearing *pro se,* brings this action by order to show cause under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights. Plaintiff paid the requisite fees to file this action. The complaint is dismissed *sua sponte* for the reasons below.

## STANDARD OF REVIEW

A court has the authority to dismiss a frivolous complaint even when the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)). District courts are normally "obligated to construe a *pro se* complaint liberally[,]" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and *pro se* complaints should normally be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they *suggest*[,]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations

omitted).  Yet, "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

## BACKGROUND

Plaintiff, an attorney, alleges that he was unlawfully and falsely arrested based upon the lies and exaggerations of Defendant Katherine "Kate" Bose, Plaintiff's former girlfriend.[1] Plaintiff alleges further that despite Defendant Bose's recantation of her statements against Plaintiff, Defendants have continued the prosecution of the case, and have refused to arrest and prosecute Defendant Bose for filing false complaints and other alleged criminal actions.  Plaintiff asserts that Defendants have continued their unconstitutional actions against Plaintiff in retaliation for Plaintiff's filing civil rights complaints over the past 14 years in his capacity as an Indian-American civil rights and immigration lawyer.  Plaintiff seeks to have this case filed under seal and seeks to enjoin Defendants from publicly releasing sensitive information that is the subject of the pending investigations against Defendants, including the names of Plaintiff's minor children which Plaintiff asserts are included in Defendant Rein's motion to dismiss and accompanying exhibits filed in this Court.

## DISCUSSION

A.   *Younger Abstention Doctrine*

Plaintiff alleges that his federal rights are being violated in his pending state criminal proceedings.  Unless there are extraordinary circumstances, district courts must abstain under *Younger v. Harris*, 401 U.S. 37, 54 (1971), from exercising jurisdiction over a plaintiff's federal claims where doing so would intrude into ongoing state criminal proceedings.  *Sprint Commc'ns,*

---

[1] A review of the New York State Unified Court System's records, *see* https://iapps.courts.state.ny.us/webcrim, reveals that the criminal case is pending in New York Supreme Court, and that Plaintiff's next court date is January 20, 2015.  *See People v. Manchanda*, Index No. 20180/2014.

*Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citing *New Orleans Pub. Serv., Inc. ("NOPSI") v. Council of City of New Orleans,* 491 U.S. 350, 368 (1989)).

In the complaint, Plaintiff alleges that his federal rights are been violated in his pending criminal proceedings. Because Plaintiff seeks to review, intervene in, or enjoin pending state criminal proceedings, the Court must abstain from exercising jurisdiction over Plaintiff's federal claims in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury. *See Younger*, 401 U.S. at 54; *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973). Here, Plaintiff fails to allege facts demonstrating that the ongoing state court criminal proceedings afford inadequate "opportunity for judicial review of his . . . federal constitutional claims," *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003), or that there are "special circumstances suggesting bad faith, harassment, or irreparable injury," *Younger*, 401 U.S. at 54. Plaintiff's claims challenging the violation of his federal rights in his state criminal proceedings are therefore dismissed without prejudice because the Court must abstain under *Younger* from adjudicating such claims.

B.   *Motion to Place Under Seal*

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597-98 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

The Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be available to the public. *See*

3

*Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006).  First, the court must determine whether the documents are indeed "judicial documents," to which the public has a presumptive right of access.  *Id.* at 119.  The documents must be "relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (quotation marks and citation omitted).  Second, if the court determines that the materials a party seeks to have sealed are judicial documents, then the court must determine the weight of the presumption of access.  *Id.*  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  Finally, "the court must 'balance competing considerations against it.'"  *Lugosch*, 435 F.3d at 120 (quotation marks and citation omitted).  "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.* (quotation marks and citation omitted).  "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action."  *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Because Plaintiff's submissions to the Court are judicial documents, the Court must evaluate whether any countervailing factors outweigh the relatively strong presumption of access.  The Court concludes that the circumstances here are not sufficiently extraordinary to outweigh the presumption in favor of public access.  On an initial review, it does not appear that the names of Plaintiff's minor children appear in any documents currently filed in this case.  To the extent the any party has filed a document containing the names of Plaintiff's minor children, in accordance with Fed. R. Civ. P. 5.2, the children's names shall be redacted.

C. *Emergency Injunctive Relief*

Plaintiff seeks to have this Court issue a judgment in his favor for the relief requested in his complaint. Because the Court must abstain under *Younger* from adjudicating Plaintiff's claims, Plaintiff's request for an order to show cause is denied as moot.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is DISMISSED without prejudice because the Court must abstain under *Younger* from adjudicating his claims. Plaintiff's motion to seal is DENIED, and his request for injunctive relief is DENIED as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing the complaint and to close this case.

SO ORDERED.

Dated: January 6, 2015
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

5